IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN MEEGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NFI INDUSTRIES, INC.,<br><br>Defendant. | Case No. 1:20-cv-00465<br><br>Hon. Thomas M. Durkin |

**ORDER CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY
AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

On August 12, 2022, the Court held a status hearing regarding Plaintiff's Motion for Preliminary Approval of Class Action Settlement. The Court has considered the Settlement Agreement and its exhibits, including the Notice of Proposed Settlement of Class Action Lawsuit ("Class Notice"), along with the submissions of counsel, and hereby finds and orders as follows:

1. Unless otherwise defined herein, all capitalized terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Settlement Agreement.

2. The Court finds on a preliminary basis that the Settlement memorialized in the Settlement Agreement, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3. This Court grants preliminary approval of the Parties' Class Action Settlement.

4. This Court finds that the proposed Settlement Class is proper and should be certified. For purposes of the proposed Settlement, the Settlement Class is certified pursuant to Fed. R. Civ. P. 23 as follows:

>All individuals currently or formerly working at NFI, or any of its subsidiaries or affiliates, in the State of Illinois who had their fingerprint data collected, captured, received, obtained, maintained, stored, or disclosed between December 16, 2014, and November 30, 2018 ("Settlement Class").

5.     This Court specifically finds for purposes of this settlement that (i) the class is so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) Plaintiff's claims are typical of the class claims; and (iv) Plaintiff will be able to fairly and adequately protect the interests of the Settlement Class. In addition, this Court finds for purposes of this Settlement that common questions of fact and law predominate over questions affecting individual Class Members, and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all Settlement Class Members.

6.     This Court appoints the attorneys from Stephan Zouras, LLP as Class Counsel and Named Plaintiff Dawn Meegan as Class Representative.

7.     This Court approves JND Legal Administration as Settlement Administrator to perform duties in accordance with the terms of the Settlement Agreement and the plan of settlement administration therein.

8.     The Class Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and of the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the laws of the State of Illinois, and all other applicable laws. The Class Notice is accurate, objective, and informative and provides members of the Settlement Class with all of the information necessary to make an informed decision regarding their

participation in the Settlement and its fairness.

9. The Class Notice, attached to the Settlement Agreement as Exhibit A, is approved with the following modifications: (1) the Class Notice should indicate that the Final Approval Hearing will be conducted via telephone; (2) the phrase "Attendance at the [final approval] hearing is not necessary" will be modified to state in bold text "**Attendance at the telephonic [final approval] hearing is not necessary**"; (3) the phrase "a net payment of approximately $570" will be modified to bold text; and (4) the Class Notice will be mailed in Spanish and English. The Settlement Administrator is authorized to mail those documents to the Class Members as provided in the Settlement Agreement within 14 days of receipt of a complete Class List.

10. Any written objection to the Settlement must be submitted to the Court no later than 45 days after the Class Notice is mailed to the Class Members.

11. Any uncashed amounts from the Settlement Fund (including checks disbursed to Settlement Class Members that are uncashed for any reason within 180 days of issuance of the check) will be transferred to NFI Cares as a *cy pres* solely for NFI's Illinois workforce, as set forth in the Settlement Agreement.

12. This Court will consider a Fee Award to Class Counsel of $1,130,901.30 of the Settlement Fund, inclusive of all past and anticipated future attorneys' fees, which represents 33.3% of the Settlement Fund less Administration Expenses of up to $80,000.00 and costs of up to $15,000.00, plus reimbursement of the attorneys' out of pocket costs and expenses not to exceed $15,000.00.

13. In the event that the Effective Date does not occur, the Settlement and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the Settlement Agreement or this Order shall be relied upon, cited as, constitute

evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter, as set forth in the Settlement Agreement.

   14. The Court will conduct a Final Approval Hearing on November 18, 2022, at 12:00 p.m. to determine the overall fairness of the Settlement. The Final Approval Hearing may be continued without further notice to Class Members. The Class Representative shall file a motion for final approval of the Settlement, and Class Counsel shall file their unopposed motion for a Fee Award, Administration Expenses, and the Service Award to the Class Representative on or before November 11, 2022.

IT IS SO ORDERED.

Dated: August 22, 2022

*[signature: Thomas M. Durkin]*

Hon. Thomas M. Durkin
United States District Court Judge