# EXHIBIT 6

# EXHIBIT A

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Meegan v. NFI Industries, Inc.*, Case No. 1:20-cv-00465
United States District Court for the Northern District of Illinois

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU PROVIDED YOUR FINGER SCAN FOR EMPLOYEE TIMEKEEPING AT NFI INDUSTRIES, INC. AT ANY TIME BETWEEN DECEMBER 16, 2014, TO NOVEMBER 30, 2018.**

*This is a court-authorized notice of a proposed class action settlement. This is **not** a solicitation from a lawyer and is **not** notice of a lawsuit against you.*

**WHY DID I GET THIS NOTICE?**
This is a court-authorized notice of a proposed Settlement in a class action lawsuit, *Meegan v. NFI Industries, Inc.*, Case No. 1:20-cv-00465, pending in the United States District Court for the Northern District of Illinois. The Settlement would resolve a lawsuit brought on behalf of persons who allege that NFI Industries, Inc. ("NFI" or "Defendant") required workers to provide their biometric identifiers and/or biometric information for timekeeping without first providing them with legally required written disclosures and obtaining written consent, in violation of the Illinois Biometric Information Privacy Act ("BIPA"). NFI contests these claims and denies it violated BIPA. If you received this Notice, you have been identified as a member of the Settlement Class. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of Settlement only. This Notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

**WHAT IS THIS LAWSUIT ABOUT?**
The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, et seq., prohibits private companies from capturing, obtaining, storing, transferring, and/or using the biometric identifiers and/or information, such as fingerprints, of an individual for any purpose, including timekeeping, without first providing such individual with certain written disclosures and obtaining written consent. This lawsuit alleges that Defendant violated BIPA by requiring current and former workers to submit their fingerprint for employee timekeeping purposes between December 16, 2014, and November 30, 2018, without first providing the requisite disclosures or obtaining the requisite consent. Defendant contests these claims and denies that it violated BIPA.

**WHY IS THIS A CLASS ACTION?**
A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." Once a Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**
To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims against Defendant. The Settlement requires Defendant to pay money to the Settlement Class, as well as pay settlement administration expenses, attorneys' fees and costs to Class

Counsel, and an incentive award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendant and does not imply that there has been, or would be, any finding that Defendant violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this Notice and the opportunity to exclude themselves from the Settlement Class, and to voice their support or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**
You are a member of the Settlement Class if, at any time between December 16, 2014, and November 30, 2018, and you performed work for Defendant in the State of Illinois and had any information that allegedly could be covered under BIPA, namely fingerprint data, collected, captured, received, obtained, maintained, stored, transmitted, or disclosed by Defendant and did not sign a consent prior to providing information allegedly covered under BIPA. You will be considered a member of the Settlement Class unless you properly execute and file a timely request for exclusion from the Class as explained below.

**WHAT ARE MY OPTIONS?**
 **(1) Accept the Settlement**.
To accept the Settlement, you do not need to do anything. If you are receiving this Notice, you are currently considered a member of the Settlement Class and will continue to be unless you exclude yourself from the Settlement.

 **(2) Exclude yourself**.
You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against Defendant and the other Released Parties (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by filing your own lawsuit against Defendant at your own risk and expense. To exclude yourself from the Settlement, you must send a written request for exclusion to the Settlement Administrator providing your name, address, and telephone number; the name and number of this case; a statement that you wish to be excluded from the Settlement Class; and your signature, postmarked by **January 12, 2023** to **Meegan v. NFI Industries, Inc., c/o JND Legal Administration, PO Box 91344, Seattle, WA 98111**. A request to be excluded that is sent to an address other than that designated in this Notice, or that is not postmarked within the time specified, shall be invalid and you shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Members by the Settlement Agreement, if approved by the Court.

 **(3) Object to the Settlement**.
If you wish to object to the Settlement, you must submit your objection in writing to the Clerk of the Court of the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, specifying *Meegan v. NFI Industries, Inc.*, Case No. 1:20-cv-00465. The objection must be received by the Court no later than **January 12, 2023**. You must also send a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (address below), as well as the attorneys representing Defendant (Andrew B. Murphy, Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South

Seventh Street, Minneapolis, MN 55402), postmarked no later than **January 12, 2023**. Any objection to the proposed Settlement must include your: (i) full name, address, and telephone number; (ii) the case name and number of this lawsuit; (iii) the date range during which you were employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last four years; and (vi) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by the objection deadline of **January 12, 2023.** If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which to be held on **February 17, 2023, at 12:00 p.m.**, **via telephone** in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate. **Attendance at the telephone hearing is not necessary**; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for an incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing.

**WHAT DOES THE SETTLEMENT PROVIDE?**
**Cash Payments.** Defendant has agreed to create a Settlement Fund for the Class Members in the amount of $3,491,100.00. All Settlement Class Members are entitled to receive a payment out of the Settlement Fund. If the Settlement is approved, each Settlement Class Member will be entitled to a gross payment of approximately $900 out of the Settlement Fund, less deductions for settlement administration costs, attorneys' fees, and a service award to the Class Representative, or **a net payment of approximately $570**. The Settlement Administrator will issue a check to each Class Member following the final approval of the Settlement. All checks issued to Settlement Class Members will expire and become void 180 days after they are issued. Additionally, the attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees of up to 33.3% of the Settlement Fund, plus reasonable costs, for the substantial time, expense and effort expended in investigating the facts, litigating the case, and negotiating the Settlement. The Class Representative also will apply to the Court for a payment of up to $7,500.00 for her time, effort, and service to the Class in this matter.

**WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**
Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit for all claims related in any way to information that is or could be protected under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, against and relating to biometric timekeeping devices used at NFI and any other entities that could be jointly or severally liable for the Released Claims (collectively, the "Released Parties"). Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, which is available upon request. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

**WHEN WILL I BE PAID?**
The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement, so please be patient. However, if the Court finally approves the Settlement, you will be paid as soon as possible after the Court order becomes final, which should occur within approximately 30 days after the Settlement has been finally approved. If there is an appeal of the Settlement, payment may be delayed. Updated information about the case can be obtained through Class Counsel at the information provided below.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**
The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and Class Representative service award that may be sought by Class Counsel. The Court will hold the Final Approval Hearing on **February 17, 2023, at 12:00 p.m. via telephone**.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendant or its defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement. Plaintiff, Defendant, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and the Plaintiff and Defendant will continue to litigate the lawsuit. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**
The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

James B. Zouras & Haley R. Jenkins
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150, Chicago, Illinois 60606
T: 312.233.1550 | F: 312.233.1560 | E: lawyers@stephanzouras.com

**WHERE CAN I GET ADDITIONAL INFORMATION?**
This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained by contacting Class Counsel. If you have any questions, you can also contact Class Counsel at the number or email address set forth above. In addition to all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.